IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TRIAD MECHANICAL, INC.,

    Plaintiff,

v.

ROYAL SURPLUS LINES
INSURANCE CO.,

    Defendant.

No. CV 06-740-MO

MEMORANDUM OPINION

**MOSMAN, J.,**

On September 24, 2007, I heard oral arguments regarding three pending summary judgment motions: (1) Triad's Motion for Partial Summary Judgment Against Royal Surplus Lines Insurance Co. (#40), which addressed Royal's duty to indemnify; (2) Triad's Motion for Partial Summary Judgment on Assigned Claims (#85), which addressed Royal's duty to defend and Royal's alleged violation of Washington's Consumer Protection Act ("WPCA"); and (3) Royal's Motion for Summary Judgment (#84). I issued my rulings on these motions via a minute order (#168) on September 28, 2007. The parties have requested a fuller explanation of the issues of fact remaining for trial following these rulings; this Memorandum Opinion provides the requested guidance.[1] I do not summarize the facts of the underlying dispute here, as the parties are familiar with them and discussed them fully during oral argument.

DISCUSSION

There is one overarching material dispute of fact that comes into play in each of the three motions for summary judgment. That dispute involves the uniformity of the samples of failed

---

[1] In addition to the motions for summary judgment, I also heard oral arguments on Royal's Motion to Strike and Triad's Motion for Attorney Fees on September 24. Because my rulings on those motions left no factual issues open for trial, I do not discuss them here.

PAGE 1 -    MEMORANDUM OPINION

polyurea coating that is the basis of this lawsuit. While experts from three different parties (Triad, Coatings, and Gaco) evaluated the samples, Royal was never provided the same opportunity, and only a few small samples now remain in the hands of the other parties' experts. Triad contends the samples were uniform, and therefore the results of earlier tests performed by other parties' experts would necessarily be the same as any tests done by Royal's expert. Royal contends the samples were not uniform, and that it lost a meaningful chance to conduct its own testing on samples its expert could have obtained contemporaneously with the samples taken by the other parties' experts.

The samples' uniformity is a material issue of fact to be determined at trial. Two corollary issues of fact are: (1) the degree to which Royal may have suffered prejudice from its inability to have its own expert evaluate its own samples; and (2) the extent to which Royal's duties to indemnify and defend Triad may have been mitigated by any prejudice it may have suffered. In other words, once the jury determines whether the samples were uniform, it will then need to determine how much (if any) prejudice Royal suffered because its own expert could not test its own samples, and whether and how much that prejudice (if any) mitigated Royal's duties to indemnify and defend Triad.

As I mentioned above, this central factual dispute is implicated by each of the three motions for summary judgment. I also note the following additional issues relating to these motions:

(1) In my ruling on motion #40, which addressed Royal's duty to indemnify, I found Royal had a duty to indemnify Triad under the "loss of use" theory. As part of my ruling, I agreed with and decided to treat as conclusive Judge King's ruling in a corollary action regarding both the application of the "your work" exclusion and Triad's status as an "Additional Insured" under the policies. *See Triad Mech., Inc. v. Coatings Unlimited, Inc.*, No. 07-516-HU, 2007 WL 2713842 (D. Or. Sept. 12, 2007). Royal recently filed a motion to reconsider that portion of my decision, but because both parties have not yet had a chance to fully brief this issue, I do not

analyze it here. Regardless of how I eventually rule on that motion, however, the primary factual dispute I outlined above will remain in play.

(2) In my ruling on motion #85, I denied Triad's motion for summary judgment on its WCPA claim[2] because a material dispute of fact remains. That dispute relates to the highly unusual circumstances surrounding the timing of Coating's tender of its claims to Royal (e.g., the commencement of litigation prior to Coating's tender, the pending settlement discussions, etc.). In sum, I find there is a triable issue of fact as to whether Royal acted unfairly when it failed to respond to Coating before those settlement discussions fell through, or whether Royal's delay was reasonable under the circumstances.

Triad also contends, however, that there is a "web of interconnectedness" between the WCPA and several sections of Washington's Administrative Code ("the Code"), and that Royal is strictly liable under one of those sections. More specifically, Triad has pointed to two sections of the Code that purport to clarify the WCPA's general terms, but has not yet provided authority that both of those sections apply to this case. The first defines "unfair claims settlement practices" in general terms to include an insurance company's failure to "act reasonably promptly" once it receives a claim. WASH. ADMIN. CODE 284-30-330(2) (2007). The second is more specific, and states that an insurer's failure to acknowledge notifications of claims within 10 working days constitutes "[f]ailure to acknowledge pertinent communications." WASH. ADMIN. CODE 284-30-360(1) (2007).

Section 284-30-330 of the Code leaves to the jury's discretion whether or not an insurer acted "reasonably promptly," while section 284-30-360 removes that discretion completely and institutes a strict ten day response requirement. Absent convincing authority that I should apply section 284-30-360 to the unusual facts of this case, the question of Royal's reasonableness under

---

[2] The relevant portion of the WCPA forbids "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce[.]" WASH. REV. CODE § 19.86.020 (2007).

PAGE 3 -    MEMORANDUM OPINION

section 284-30-330 will be determined by the jury as explained above. I invite the parties to submit additional briefing, however, on the narrow issue of whether section 284-30-360 must be strictly applied to all communications received by an insurer, regardless of the circumstances surrounding a particular communication, or whether cases with such unique circumstances as this one instead merit application of the more general terms of section 284-30-330.[3] I do not wish to receive additional briefing on whether or not Royal's delay under these circumstances was in fact reasonable; if only section 284-30-330 of the Code applies, that will be up to the jury to determine.

DATED this  29th  day of October, 2007.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

---

[3] Because this issue is very narrow, and because the parties are already in the process of briefing another motion related to my summary judgment rulings, I prefer that Triad append its argument on this issue to its response to Royal's motion to reconsider my treatment of Judge King's ruling; Royal should then respond to Triad's argument in its reply to the motion to reconsider. That should be all the briefing required on this issue.

PAGE 4 -    MEMORANDUM OPINION